## No. 9747.

### S. B. STEERS, FOR USE OF, ETC., VS. HOME INSURANCE COMPANY.

Where an insurer knows that the premises may be used for storing cotton, and inserts this written clause: " It is understood that when the above building is used as a warehouse the rate will be changed," the storing of cotton will not avoid or forfeit the policy. On the contrary, these words indicate that the policy is to remain in force, for unless it remained in force the rate could not be changed. In such case, even conceding that a

right to "change" meant a right to "increase," it was a right reserved to insurer, who alone could fix rates. The insurer could demand a higher rate, or he could cancel the policy where a right to cancel is provided. But, under the facts of this case, where the insurer did neither, the policy remained in force and the plaintiff must recover.

**A**PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Kennard, Howe & Prentiss* and *Bayne & Denégre* for Plaintiff and Appellee:

1. Where an insurer knows that the premises may be used for storing cotton, and inserts this written clause: "It is understood that when the above building is used as a warehouse the rate will be changed," the storing of cotton will not avoid or forfeit the policy. On the contrary, these words indicate that the policy is to remain in force, for unless it remained in force the rate could not be changed. In such case, even conceding that a right to "change" meant a right to "increase," it was a right reserved to insurer, who alone could fix rates. The insurer could demand a higher rate, or he could cancel the policy where a right to cancel is provided. But under the facts of this case, where the insurer did neither, the policy remained in force and the plaintiff must recover.

2. But if this clause be held to impose on the insured the duty of notifying the insurer of the storage of cotton, it yet appears in this case that such notice was given. It might be claimed that the burden of proof on this point was on the company. 40 Missouri, 40; 3 Welsby, H. & G. (Exchequer, 535). But if it be not, the fact of notice in this case is established by clear, positive and affirmative testimony, which is met only by the negative testimony of a witness whose memory is shown to be defective. Case stronger for plaintiff than that of Story vs. Hope Ins. Co., 37 Ann. 254; Willis vs. Hanover, 79 North Carolina.

3. In such a case as this, defendant should have been satisfied, at least, with the decision of the lower court; and the plaintiff, put to needless expense, annoyance and delay by the appeal, is entitled to damages.

*Singleton, Browne & Choate* for Defendant and Appellant:

1. The property covered by the policy in question was insured as vacant property, and not as a cotton warehouse. Sefton, pp. 60, 61, 68, 70; Steers, p. 18; Policy.

2. The policy prohibited any change in the use or occupation of the property which would materially increase the risk without the assent of defendant. Conditions 1, 5 and 6.

3. The property insured was used and occupied by the plaintiff as a cotton warehouse after the policy issued and at the time of its destruction by fire. Steers, pp. 10, 16, 23.

4. Such use materially increased the risk and avoided the policy, unless the defendant assented to such use. Sefton, pp. 64, 162; Steers, p. 38; Brown, pp. 82, 83, 84, 85, 86; 23 Ann. 458; 40 Mo. 27; 38 Me. 439; 10 Pick. 535; 9 Allen, 329; 99 Mass. 160; 14 Allen, 330; 21 Pick. 164; 45 Barb. 454; 17 Barb. 111; 34 Pa. St. 79; Wood on Ins. p. 445.

5. The burden of proof was upon the plaintiff to show that he notified defendant of the change in the risk, and that it assented to such change. Wood on Ins., sec. 507; 16 Md. 377; 98 Mass. 381; 100 Mass. 472; 12 M. 73; 8 N. S. 259; 4 R. 219; 7 R. 418; 2 N. S. 66; 3 N. S. 575; 2 L. 569; 11 L. 17; 15 Ann. 509, 663; 11 M. 4, 194; 3 L. 534; 10 Ann. 639; 13 Ann. 397; 14 Ann. 207.

6. The plaintiff has failed to establish that such notice was given to the defendant, or that it assented to such change in the use. Sefton, pp. 65, 94, 95, 100, 102, 103.

The opinion of the Court was delivered by

Todd, J. This is an action to recover on a policy of fire insurance issued by the defendant company.

The policy issued on the 20th of February, 1885, for the sum of $4000, and on the 27th of October following the building insured, known as the " old Golding Foundry," was destroyed by fire.

The defense is that the property was insured as a vacant building; that it was stipulated as part of the contract that if the premises should be occupied or used, and the use changed so as to increase the risk, without notice to the company and its consent indorsed on the policy in writing, then the policy should be void. It is charged that during the period covered by the policy the property was held by the plaintiff as a warehouse for the storage of cotton, without the consent or knowledge of the company, and as a place for cleaning old iron cotton ties with coal tar, without the consent of the company, and that such use materially increased the risk and avoided the policy.

There was judgment in favor of the plaintiff, and the defendant appealed.

The second defense about the cleaning of old iron ties with coal tar seems to have been abandoned, leaving only to be determined the first defense, relating to the use of the building as a warehouse, without the knowledge or consent of the company.

There is a clause in the policy that reads (quoting) : " It is understood that when the above building is used as a warehouse the rate will be changed."

It is apparent from this clause, and especially from the use of the word " when " therein, that it was in contemplation of the parties to the contract that the building would be used at some time as a warehouse ; and further, that when so used the insurance should continue, but at a different rate.

The contention, therefore, that the use of the building as a warehouse avoided the policy, is not sound, since the words of the contract refer to the precise case of its being so used, and provides for the continuance of the policy in that very event.

The company was, however, entitled to a notice of the change made in the use or condition of the building.

The plaintiff swears positively and emphatically that he did give such notice to the president of the company ; told him " he was about to store cotton in the building," and further said to him, to use his language: " I suppose you will charge me a higher rate now ?" To which the president replied (again quoting) : " I do not know whether I will or not; I will see."

It is true that this was denied by Mr. Sefton, the president of the company, who testified in the case.

The judge *a quo*, doubtlessly, acting on the principle or elementary rule of evidence " that positive testimony on a given point must always predominate over negative testimony on the same point,," gave credence to the statement of Steers rather than to the denial of this statement by Sefton, and mainly by reason of it rendered judgment in favor of the plaintiff. In the case of Story vs. Insurance Company, 37 Ann. 258, this Court, when the same question was before it, used the following language:

" But one witness swears affirmatively, and the other negatively. The assertion of a fact which never had an existence cannot be consistent with truth; whereas the denial of a fact which has existence may, without violating the truth, be the result of inattention or a defective memory," and then announced the rule of law on the subject quoted above.

An examination of the record affords some confirmation of a defective memory on the part of this witness, which it is unnecessary to enlarge upon. We find no reason whatever to reject the conclusion reached by the district judge upon this issue of fact, nor to question the correctness of the judgment rendered by him. The judgment is therefore affirmed, with costs.

Fenner, J. recused on account of interest.